WILLIAM F. AVEY, Plaintiff, *v.* TOWN OF BRANT, Defendant.

Supreme Court, Erie County, November 26, 1932.

*Elijah W. Holt,* for the plaintiff.

*Clark H. Hammond,* for the defendant.

NOONAN, J. This is a motion made by the defendant to dismiss the complaint upon the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.

The complaint sets up in substance that the defendant is a municipal corporation existing under the laws of the State of New York as a town; that the plaintiff was the duly elected supervisor of the town and as such, a member of the town board; that the town board delegated to the plaintiff as supervisor the duty of acquiring certain land adjacent to the town on the shore of Lake Erie for a park and to receive the income therefrom and pay the rentals or purchase price out of town funds; that the plaintiff, pursuant to his delegated power, leased thirty-two acres of land for the purposes stated, which was developed by the town into a park; that the plaintiff, pursuant to his delegated authority, collected income from the park and other sources in the sum of $6,853.69, which he applied to the payment of the rentals under the leases, by virtue of which the town occupied the land, all of which was with the approval of the town board; that in 1926 the town board claimed that the plaintiff had embezzled funds of the town in the amount above stated, and demanded that plaintiff make good his alleged shortage.

It also threatened him with arrest and criminal prosecution for embezzlement, and procured the plaintiff to be indicted by the grand jury of Erie county, and threatened that, unless plaintiff made good the shortage, the town would procure him to be tried and convicted therefor, but that if he would make good his default and plead guilty he would be placed on a suspended sentence and not subjected to imprisonment; that plaintiff, fearing conviction and imprisonment and believing that he would be convicted and imprisoned and acting under duress, fear and intimidation, paid the amount which the defendant alleged to be the amount of his default, namely, $6,853.69; that, in fact, the sum paid was not owing, but had been paid out by the plaintiff on account of said town as stated above. The complaint then sets up the filing of a claim with the town, demand for repayment and refusal by the town to repay the sum so paid.

The complaint is attacked on various grounds. The defendant asserts that the town board could not legally delegate to the plaintiff either the authority to receive rentals from the park and pay out the rentals on the leases, or authority to obtain the leases;

that the complaint does not set forth facts constituting duress for which the town is chargeable and, in substance, that if the threats alleged in the complaint do constitute duress, the town is not answerable therefor.

In the view here taken, the first of these propositions is immaterial. The complaint, upon a fair construction, alleges that the land was actually leased for the park; that, by the terms of the lease, rentals were payable to the owners; that income was received from the land and paid over on such rentals. If, as claimed by defendant, the town of Brant had no power or authority to lease lands for park purposes, or to establish a park under the circumstances set forth in the complaint, then it had no liability for the rentals paid out by the plaintiff and by the same token no right to receive the income from the lands. It must be borne in mind that the complaint does not set forth a claim to receive back from the town the money paid out by the plaintiff for the rental of the park lands, but asserts a claim to be reimbursed for money paid by him under duress from his own funds to the town after he had already paid those rentals. If, on the other hand, the town did have authority to establish a park in the manner alleged, the point taken by defendant would be without foundation.

Considering the question whether the facts stated in the complaint are sufficient to remove the payment by plaintiff to the defendant from the category of voluntary payment, it may be said that this question has been directly passed upon on the facts in this case by Mr. Justice LARKIN and Hon. CHARLES B. WHEELER, in *Avey* v. *American Surety Co. of New York*, where a similar complaint based upon the same threats alleged in the same manner was sustained at Special Term, and the cause of action upheld on the evidence at a trial before the official referee.

· The claim that the town cannot be held responsible for the threats, even though they are sufficient to constitute duress as between individuals, is based upon the argument that a municipal corporation cannot authorize its representatives to commit illegal acts. The theory thus stated is true enough so far as the *giving* of authority is concerned, but it does not follow that a municipal corporation may not be responsible for the illegal acts of its representatives and such responsibility has been held to attach in cases where duress by a municipality has been claimed. (*Deshong* v. *New York*, 176 N. Y. 475; 48 C. J. 749, " Payment.")

Furthermore, though the acts of the representatives of the town constituting duress were not within their authority as such representatives, nevertheless, the collection of any moneys due the town was an act within the general scope of their authority, and where

the town has received and retained moneys illegally collected by them, it will be deemed to have adopted their acts and made itself responsible therefor. (4 Dillon Mun. Corp. [5th ed.] 2876, § 1652.)

In the *Deshong Case* (*supra*, at p. 479) the court said: " If the city made the charge and demanded its payment without authority of the law it was void, and the action of its officers in enforcing it by threats of arrest and by taking unlawful possession of the plaintiff's property was illegal and payment by him was not so far voluntary as to prevent a recovery in this action."

Numerous cases are cited in support of this doctrine.

Under all the circumstances I think the plaintiff should be given an opportunity to try to establish his cause of action at the trial. There the rights of all the parties can be protected by the trial judge. Therefore, the motion to dismiss the complaint is denied, without costs, and an order may be entered accordingly.